66 N.J. Super. 386 (1961)
169 A.2d 184
STATE OF NEW JERSEY, BY THE STATE HIGHWAY COMMISSIONER, PLAINTIFF-APPELLANT,
v.
NORMAN LICHTMAN, MORRIS L. LICHTMAN AND LOUIS L. LICHTMAN, TRADING AS LICHTMAN BROS., ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 13, 1961.
Decided March 27, 1961.
*387 Before Judges PRICE, GAULKIN and SULLIVAN.
Mr. Theodore I. Botter, Deputy Attorney General argued the cause for appellant (Mr. David D. Furman, Attorney General of New Jersey, attorney; Mr. Morton I. Greenberg, Deputy Attorney General, of counsel).
Mr. Alvin G. Shpeen argued the cause for respondents.
The opinion of the court was delivered by SULLIVAN, J.A.D.
Plaintiff, State of New Jersey, by the State Highway Department (State), determined that it needed for highway purposes certain property owned by defendants and located in the Borough of Westville, Gloucester County, New Jersey. Being unable to acquire the property by agreement with the owners, condemnation proceedings were brought. The matter was tried before a jury which returned a verdict of $11,000 in favor of the property owners, and judgment was entered thereon. The State appeals.
The subject property had a 125 foot frontage on Delsea Drive and was approximately 291 feet deep. On it were a concrete block building and a semi-circular driveway, built for the purpose of an automobile service station but which "had more or less been abandoned," and the driveway was "overgrown with grass." The entire parcel was 0.79 of an acre in size, of which the State condemned all but a 0.12 *388 acre landlocked portion. The residue admittedly had only nominal value.
At the trial the State produced two real estate experts who valued the entire premises at $8,100 and $8,600, respectively. Both agreed that the land was worth $30 a front foot or $3,750, but differed by some $500 as to the value of the improvements. The property owners produced one real estate expert, J. Semmet Holsten, who appraised the entire premises at $18,690. He valued the land at $100 a front foot or $12,500, and the improvements at $6,190. In support of his land valuation, Holsten testified to one comparable sale, that of the Williams property which adjoins the subject premises on the north. Williams was a corner lot with some 132.4 feet on Delsea Drive and having an average depth of about 400 feet. On it was located a going gasoline business, a marine store and boat showroom, a storage room and garage. The property was blacktopped. According to Holsten, the Williams property had been operated by two brothers, one of whom died, and the widow sold out to the surviving brother for $15,000.
In order to break down the Williams sale into its component parts of land, buildings and going business, Holsten, over repeated objections from counsel for the State, which were overruled by the trial judge, referred to and read from an appraisal of one C.F. Fretz, a district manager of Socony Mobile Oil Company. According to Holsten, this appraisal had been prepared as a means of settling the estate between the widow of the deceased partner and the surviving partner. Holsten, in the presence of the jury, read Fretz's qualifications as set forth in the appraisal and was allowed to testify that the Fretz appraisal of the Williams property valued the land separately at $10,560, or at $80 a front foot.
It was error to permit the witness to use the Fretz appraisal. The effect was to qualify Fretz as an expert of some sort and allow his opinion as to the value of real property to be presented to the jury. The State had no opportunity to inquire into Fretz's qualifications as an expert *389 to value real estate or to cross-examine him as to the basis for the $80 per front foot value that he placed on the Williams tract. Here, the witness presented to the jury someone else's opinion as to value and adopted that opinion as the basis for his own valuation. Such evidence was hearsay and incompetent. 32 C.J.S. Evidence § 521; 20 Am. Jur., Evidence, § 791.
The jury's verdict, while it did not adopt Holsten's figures, was higher than the value set by the State's experts and must have been influenced to some extent by Holsten's testimony and his reference to the Fretz appraisal. The prejudice, therefore, is clear.
Nor do the provisions of N.J.S. 2A:83-1 sanction the testimony given by Holsten. That section permits a witness in a proceeding for the acquisition or sale of land or any interest therein, or on review of the assessment for taxes on any real property, to testify to sales of comparable land from information or knowledge of such sales obtained from the owner, seller, purchaser, lessee, or occupant of such land, or from information obtained from the broker or brokers who negotiated or who are familiar with or cognizant of such sales.
Mr. Holsten did not testify to knowledge of the Williams sale from any of the sources set forth in the statute. As a matter of fact he did not say how or from whom his information as to such sale was obtained, and there was no proof that the Fretz appraisal was used and adopted by the parties to the sale, except Holsten's hearsay testimony to that effect. Furthermore, he testified as to Fretz's qualifications by reading from the appraisal what Fretz had written about himself.
For the reasons given, the judgment must be set aside and a new trial had.
Reversed.